UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Darryl Woodruff, ) | Civil Action No. 3:14-CV-02573-MGL |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Pride Mobility Products Corp., ) | **OPINION AND ORDER** |
| ElectroCraft, Incorporated., LINAK U.S., ) | |
| Incorporated, Food Lion, Incorporated, ) | |
| and Food Lion, LLC, ) | |
| ) | |
| Defendants. ) | |

Before this Court is Defendant Linak U.S., Incorporated ("Defendant")'s Motion to Dismiss brought pursuant to Rule 12(b)(4), Rule 12(b)(5) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 18.) In the alternative, Defendant seeks judgment on the pleadings pursuant to Rule12(c) of the Federal Rules of Civil Procedure. Having considered the motion and responses filed, the record, and the applicable law, the Court DENIES the Motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

This case was removed from the Court of Common Pleas for the County of Richland, South Carolina on June 25, 2014 by Defendants Food Lion, Incorporated and Food Lion LLC in accordance with the provisions of 28 U.S.C. §§ 1332(a), 1441 and 1446. (ECF No. 1.) In his state court complaint, Plaintiff alleges that he received physical injuries when he flipped out of his Pride "Jazzy" motorized wheelchair and fell onto a curb outside of a Food Lion grocery store. (ECF No. 1-1 at 6.) Defendant filed this motion on July 29, 2014, alleging Plaintiff failed to properly serve his summons and complaint based on Rules 12(b)(4) and (5) of the Federal Rules of Civil Procedure; that Plaintiff's complaint fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure; and that Defendant is entitled to judgment on the

pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. (ECF No. 18-1.)

## RELEVANT STANDARDS OF REVIEW

1.     Motion to Dismiss Pursuant to Rule 12(b)(6)

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir.1999).  To survive a motion to dismiss, the Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).   Although Rule 8(a) does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555.

In considering a motion to dismiss, a plaintiff's well-pled allegations are taken as true, and the complaint and all reasonable inferences are liberally construed in the plaintiff's favor. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130 (4th Cir. 1993).  Although the court must accept the plaintiff's factual allegations as true, any conclusory allegations are not entitled to an assumption of truth, and even those allegations pled with factual support need only be accepted to the extent that "they plausibly give rise to an entitlement to relief."  *Iqbal*, 556 U.S. at 679.

2.     Motion to Dismiss Pursuant to Rule 12(b)(4) and 12(b)(5)

A motion under Rule 12(b)(4) challenges the sufficiency of process, while a Rule 12(b)(5) motion challenges the sufficiency of service of process.   Because this action was originally filed in state court, service of Plaintiff's summons and complaint prior to removal was required to be made in accordance with Rule 4 of the South Carolina Rules of Civil Procedure.

**ANALYSIS AND DISCUSSION**

Defendant maintains that service upon it was defective because Plaintiff failed to deliver a copy of the summons and complaint to an agent authorized by appointment or law to receive service of process as required by Rule 4 of the South Carolina Rules of Civil Procedure. (ECF No. 18-1 at 4.) Plaintiff mailed service papers addressed to "whom it may concern," via certified mail to Linak U.S. but did not restrict delivery to an appropriate addressee as required by Rule 4(d)(8). (ECF No. 18-2 at 1.)

South Carolina Rule 4(d)(8) provides that service may be made "by registered or certified mail, return receipt requested and delivery restricted to the addressee." S.C. R. Civ. P. 4(d)(8). South Carolina courts, however, have not required stringent compliance with the requirements of South Carolina Rule 4(d)(8). *See Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 421 n. 9 (4th Cir. 2010); *Roche v. Young Bros., Inc. of Florence*, 318 S.C. 207, 208, 456 S.E.2d 897, 899 (S.C.1995). In addition, the South Carolina Supreme Court has stated that Rule 4(d)(8) "simply does not require the specific addressee to sign the return receipt." *Roche*, 456 S.E.2d at 900. The fundamental question is "whether the plaintiff has sufficiently complied with the rules such that the court has personal jurisdiction of the defendant and the defendant has notice of the proceedings." *Colleton*, 616 F.3d at 421 n. 9 (internal quotation and citation omitted). Here, the Court finds Plaintiff sufficiently complied with the rule and that Defendant received actual notice of the suit and has not been prejudiced by any technical defect in service. A letter from Defendant's counsel dated June 3, 2014 acknowledges receipt of Plaintiff's claim on June 2, 2014 and indicated that the matter had been referred to Defendant's insurance carrier. Accordingly, the Court declines to dismiss this case under Rule 12(b)(4) and 12(b)(5).

Finally, Defendant moves to pursuant to Rule 12(b)(6) on the basis that Plaintiff's complaint

fails to state a claim upon which relief can be granted. Plaintiff maintains that his complaint clearly sets forth a factual basis for a claim against Defendant and that the complaint "stands on its own with regards to sufficient allegations" of Defendant's failure to exercise reasonable care in the design of its product. (ECF No. 21 at 1.) Although the Court disagrees with Plaintiff's characterization of its complaint, the Court finds it possible that Plaintiff could plead facts that might cure any deficiencies in his complaint. Of note, Plaintiff indicates the potential for an expert witness to testify as to the mechanical failures of the device in question. (ECF No. 21 at 1.) The essentials of this information could also be set forth as allegations in an amended complaint. Accordingly, the Court permits Plaintiff to move for leave to amend his complaint to conform with the pleading requirements imposed by Rule 8 of the Federal Rules of Civil Procedure. Thus, the Defendant's Rule 12(b)(6) motion is denied, for now, without prejudice, and Defendant may renew its motion based on any amended complaint filed by Plaintiff. "It is. . .entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities," and this Court declines to "let form trump substance so as to deprive the holders of potentially meritorious claims of their day in court on the basis of procedural defects." *See Craig v. Melwood Horticultural Training Center, Inc.*, No. PWG-13-2742, 2014 WL 3547341, *4 (D. Md. 2014) (citing *Foman v. Davis*, 371 U.S. 178, 181 (1962)).

## CONCLUSION

For the above-stated reasons, Defendant's Motion to Dismiss is DENIED. (ECF No. 18.)

IT IS SO ORDERED.

                                                         s/Mary G. Lewis
                                                         United States District Judge

Spartanburg, South Carolina
November 5, 2014